Bennac *v.* The People.

---

SAME TERM. *Before the same Justices.*

### BENNAC *vs.* THE PEOPLE.

4b　31
d57ad150

On the return by a public officer, to a habeas corpus, stating that he detains the party by virtue of process, the existence and validity of the process are the only facts upon which issue can be taken.

The sufficiency of the evidence on which the process issued cannot be inquired into on the return to a habeas corpus.

If the warrant contains enough on its face to protect the magistrate by whom it was issued, the prisoner is not to be discharged on habeas corpus.

If the warrant is *void*, the prisoner should be discharged.

A warrant of commitment under 1 *R. S.* 638, § 2, respecting disorderly persons, is valid to protect the officer if it describes the offence, and the conviction and sentence, although it does not recite the facts proved.

Bennac *v*. The People.

THIS was a certiorari to John Willard, circuit judge of the 4th circuit, to review a decision made by him under the habeas corpus act, on the 12th June, 1846, refusing to discharge the plaintiff in error from custody under a warrant issued by a justice of the peace, committing him to jail as a disorderly person.

From the return of the judge it appeared that on the 11th June, 1846, Bennac presented a petition to the judge, duly verified, setting forth that he was restrained of his liberty by William Crossett, a constable of Warren county, and setting forth a copy of the warrant by which he was detained, and applying for a writ of habeas corpus. The petition was in the form prescribed by the 25th section of the habeas corpus act. (2 *R. S.* 564.) The warrant annexed purported to be issued by a justice of the peace of Warren county, against the petitioner as a disorderly person, upon the oath of D. M. Dean, one of the overseers of the poor of Queensbury, in said county, and commanded the constable to arrest the petitioner and bring him forthwith before the justice, to answer said complaint, and to be dealt with according to law. The judge allowed the habeas corpus, and Crossett, the constable, returned thereto that he held the said Bennac by virtue of a warrant, a copy of which was annexed to the habeas corpus. This latter warrant was in these words:

"Warren county, ss. Halsey R. Wing, justice of the peace of said county, to any constable of said county and to the keeper of the common jail of said county.

Whereas John B. Bennac is this day duly convicted before me the said justice, of being a disorderly person, for that he has left his wife and threatened to suffer her to become a burthen on the public, and upon such conviction I did require the said John B. Bennac to find two sufficient sureties, in the sum of fifty dollars each, for his good behavior for the space of one year, but the said Bennac has neglected and refuses to find such sureties. This is therefore to command you, the said constable, forthwith to convey and deliver the said Bennac into the custody of the said keeper, and you the said keeper are hereby required to receive the said Bennac into your custody

Bennac *v.* The People.

in the said jail, and him there safely keep until he shall find such sureties as aforesaid, or until he shall be discharged according to law. Given under my hand the 11th day of June, 1846."

The circuit judge decided that the foregoing warrant was valid, and a sufficient cause for the detention of the said Bennac, and he remanded the prisoner to the custody of the officer, to be dealt with as required by the said warrant.

The object of this certiorari was to reverse the foregoing decision of the circuit judge.

*A. T. Wilson*, for the plaintiff in error.

*George Richards*, (district attorney,) for the people.

*By the Court*, WILLARD, J. The counsel for Bennac did not traverse the return of Crossett, the constable, to the habeas corpus, or allege any fact *aliunde* the return to show either that the imprisonment was illegal, or that he was entitled to his discharge. The 48th section of the habeas corpus act, (2 *R. S.* 569,) was doubtless mainly intended for cases where the party is restrained of his liberty without the authority of legal process. (*Per Bronson, Ch. J. in The People* v. *Cassels,* 5 *Hill,* 168.) "In such cases," he observes, "the return is usually made by a person having an interest in the question, and who has exercised the restraint upon his own responsibility, as the parent, husband, master, or guardian of the person imprisoned; and it is very proper that the facts which they state in the return should be open to investigation. But it is otherwise when the return is made by an officer having legal process." In such case, when the return says that the party is detained on process, the existence and validity of the process are the only facts upon which issue can be taken. (3 *Hill,* 658, 659, *note* 30.) These are the "*material facts*" within the 48th section, not whether the process was founded on sufficient evidence, or any evidence at all. (*Id. Matter of Clark,* 9 *Wend.* 212, 220. *The People* v. *McLeod,* 1 *Hill,* 377. 25

Bennac v. The People.

*Wend.* 483. *Case of the Sheriff of Middlesex,* 11 *Ad. &* *Ellis,* 273.) The better opinion seems to be that the denial or avoidance authorized by the 48th section of our habeas corpus act gives no greater right to inquire into the merits on which the process of commitment is founded, than was allowed by the common law. Yet ample room is left for the operation of the section. (*See* 3 *Hill,* 660, *note. Matter of Prime,* 1 *Barb. Sup. Court Rep.* 340.)

Conceding that the prisoner was restrained of his liberty by a public officer, by virtue of process issued by a magistrate of competent jurisdiction, his counsel contended that he was entitled to his discharge for the reason that the warrant, on its face, showed that no offence had been committed for which he was liable to be imprisoned. If this be true, no doubt the circuit judge erred in remanding him. It was for the prisoner to make out the jurisdictional defects, either by testimony *aliunde* the return, or by the process itself. He took the latter course alone. If then, there is enough on the face of the process to protect the party who issued it, or the officer who served it, from an action of trespass or false imprisonment; in short, if it is not absolutely *void,* the decision of the circuit judge should be affirmed.

A warrant issued for the arrest of a party on a criminal charge, *before trial,* must be issued under the hand, with or without the seal, of the magistrate, *reciting the accusation,* and commanding the officer to whom it shall be directed forthwith to take the person accused of having committed such offence, and to bring him before the magistrate to be dealt with according to law. (2 *R. S.* 706, § 3.) No more, it is presumed, than the substance of the accusation need be recited. A warrant issued upon the conviction of a party as a disorderly person, is not required to recite any fact but such conviction. The magistrate is required to sign and file in the clerk's office, a record of the conviction of such offender as a disorderly person, specifying generally the nature and circumstances of the offence. (1 *R. S.* 638, § 2.) On the commitment by final process upon a summary conviction by a subordinate magistrate, the court or officer, it is said, may examine, on habeas corpus, the record

Bennac *v.* The People.

of conviction, and if it be void, may discharge the prisoner. (3 *Hill,* 665, *note. Matter of Sweatman,* 1 *Cowen,* 144.) But even this seems to be doubted in the recent case of the *Matter of Prime,* (1 *Barb. Sup. Court Rep.* 340,) though that precise point was not before the court. That course was not adopted in this case; the record was not before the circuit judge, nor was it pretended that the magistrate had not jurisdiction both of the person and of the subject matter. It was insisted, however, that the recital in the warrant of commitment afforded evidence of the testimony before the justice upon which the conviction was founded, and that that testimony did not authorize the conviction.

In answer to this, it may be said, that the warrant was complete, without reference to the facts recited. It described the offence, conviction and sentence, and this is all that was necessary to its validity. It thus appears that the magistrate had jurisdiction both of the person and the crime. The recital of facts proved before the justice, was not required; nor can they be regarded, on a habeas corpus. It does not appear that the facts recited were *all* the facts proved or admitted. To discharge the accused because the recited facts would not warrant a conviction, would be to re-try the cause on the merits in this collateral way. And it would be a re-trial without any assurance that the whole facts were spread out in the warrant. This cannot be done.

If the justice convicts upon insufficient evidence, the remedy of the party injured, if any, is not by habeas corpus. If, then, we are to regard the facts recited, as affording the evidence on which the magistrate acted, still they present no ground for a discharge. While the conviction remains in force, and is not absolutely void, the warrant will authorize the arrest and imprisonment of the accused. And the conviction cannot be attacked but by a direct proceeding, such as a writ of error, certiorari, motion to quash, &c. according to the nature of the case.

On the whole, we see no error in the decision of the circuit judge, and think the proceeding must be affirmed.

Proceedings affirmed.