## THE PEOPLE *v.* EMMA AUGUSTA CUNNINGHAM.

Though the action of a committing magistrate or court, on the question of admitting to bail, is the subject of review by an appellate jurisdiction, yet it is final as to other magistrates or courts of coördinate or concurrent authority on the same question.

Where bail had been refused by the committing magistrate, and also by the Court of General Sessions, in which court the indictment was pending, and a justice of the Supreme Court afterwards decided, at chambers, to admit to bail, the decision of the justice was reversed, on *certiorari,* by the Supreme Court, sitting in general term, on the ground that the question was *res judicata* when brought before the justice of the Supreme Court.

But when bail has been refused on account of insufficiency, the decision does not preclude a new application for a discharge on offering other bail.

Forms of writ of *certiorari,* for review of decision of judge at chambers admitting to bail, allowance of writ, and affidavit on which writ was allowed.

THIS matter came up on *certiorari,* directed to Mr. Justice Peabody. The affidavit, allowance and writ were as follows:

*City and County of New-York, ss:*

A. Oakey Hall, district attorney of the county of New-York, being duly sworn, deposeth and saith: That on or about the thirty-first day of August last, a writ of *habeas corpus* was issued out of the Supreme Court, allowed by and returnable before the Honorable Charles A. Peabody, commanding the warden of the city prison to produce before him the body of one Emma Augusta Cunningham, otherwise Burdell, with the day and cause of her imprisonment. That, accordingly, on or about the first day of September, instant, the warden of the city prison, to whom said writ was addressed, produced the said body before the Honorable Charles A. Peabody, with a certain commitment of one William S. Davison, a police justice of the city of New-York, committing the said Emma Augusta Cunningham, otherwise Burdell, to the city prison, without bail, on a charge of felony, of which due return was made. That, thereupon, the said return was duly traversed, and argument had upon the same. That, on the tenth day of September, instant, the said Honorable Charles A. Peabody made a final adjudication of the matters which had so arisen, by writing his certain order on the writ in these words and figures:

"The within prisoner having given bail is discharged from custody and imprisonment.

"Sept. 10, 1857.                    "C. A. Peabody."

And further deponent saith not.

                                   A. Oakey Hall.

Sworn to before me, this 10th }
  day of September, 1857. }
           J. J. Roosevelt.

Upon the above affidavit let there issue the statutory writ of *certiorari*, directed to the Honorable Charles A. Peabody, the officer in said affidavit named, returnable the second

Monday of September instant, at the general term of the Supreme Court to be held on that day in the first judicial district.

J. J. ROOSEVELT.

Dated New-York, Sept. 11, 1857.

The People of the State of New-York, to the Honorable Charles A. Peabody, one of the justices of our Supreme Court, sitting in commission in a matter of *habeas corpus*, greeting :

Whereas, we have been informed, by the official affidavit of the district attorney of the county of New-York, that a writ of *habeas corpus* was heretofore issued by you on behalf of one Emma Augusta Cunningham, directed to the warden of the city prison in the city of New-York, and requiring him to have her body before you, to be dealt with according to law :

And whereas, pursuant to the requirement of the said writ, the body of the said Emma Augusta Cunningham was brought before you, and such a return made to the said writ of *habeas corpus* ; that thereupon you proceeded to hear the several matters arising thereupon, and that thereupon, after these proceedings were had, you, the said justice, did discharge the said Emma Augusta Cunningham, otherwise Burdell, from the custody or restraint of the said warden, upon bail : And we being willing to be certified of such proceedings as were had before you, do hereby command you to certify and return the said writ of *habeas corpus*, the petition therefor, the return thereto, and all such other papers and due proceedings as were thereupon severally had before you, unto our justices of our Supreme Court, at the City Hall, in the city of New-York, on the second Monday of September instant, at the general term of said court, under your hand, as fully and amply as the same remain before you, so that our said justices may further cause to be done

thereupon what of right and according to law ought to be done ; and have you then there this writ.

Witness, the Honorable James J. Roosevelt, one of the justices of our said court, at the City Hall, in the city of New-York, the eleventh day of September, in the year of our lord one thousand eight hundred and fifty-seven.

A. OAKEY HALL,<br>
*District Attorney for the People.*

R. B. CONNOLLY, *Clerk.*

To this writ Mr. Justice Peabody returned the petition for *habeas corpus*, the writ of *habeas corpus*, with the return thereto, and the traverse to said return, his final order of adjudication admitting to bail, and his opinion in support of such decision.

*A. Oakey Hall* (District Attorney), for the people.

I. Commissioner Peabody erred in bailing the prisoner, for the question of bail was *res adjudicata*. 1. The court of General Sessions certainly had jurisdiction of the motion to bail under 2 *Revised Statutes* (*p.* 710, § 31). It was the court having original jurisdiction, and superior to that of a commissioner in *habeas corpus*. It was *res adjudicata* upon the question of bail, both *in rem* and *in personam*. The subject matter and the persons before the commissioner were identical with that and those before the court ; and no new facts were alleged to change the aspect of the question. The action of the court was as much of a final judgment upon the motion as could be given thereupon. If the prisoner desired relief she could have brought her *certiorari* to the Supreme Court, but had no legal power of appeal from the court to a commissioner, by the collateral method employed. Suppose Commissioner Peabody had also refused bail, could the prisoner take collateral appeal upon appeal, through the whole alphabet of officers who possess power to issue writs

The People *v.* Cunningham.

of *habeas corpus*, and to bail prisoners, until her desired relief was obtained? Could the people, the party with whom she litigated, acquire no rights under the various adjudications? The action of the Court of Sessions may be considered as analogous to action upon *habeas corpus.* The court, by virtue of the statute, have jurisdiction after final commitment of bodies, and of offences of prisoners charged with crimes triable in that court, a jurisdiction coextensive with any enjoyed under writs of *habeas corpus* and *certiorari.* ( *Barry* v. *Mercein,* 25 *Wend.,* 64 ; *In matter of Da Costa,* 1 *Park. Cr. R.,* 136 ; *In mattor of John B. Overton, order of Whitney, J., MS.*) 2. We have said nothing of the matter being *res adjudicata,* in consequence of the proceedings before Justice Davison. The police justice has power to adjudicate upon bail coextensive with the court of General Sessions, He is enumerated in the same section with justices of the Supreme Court, &c. (2 *R. S.,* 893, § 31, *subd.* 4.)

II. But if the question of bail was open before Commissioner Peabody, he erred in allowing bail to the prisoner. She was taken in *flagrante delicto,* committing a felony, and offers no defence to, nor explanation of her acts, except in effect a demurrer to their legal sufficiency under the statute. If the statute has been violated, she is liable to ten years' imprisonment in the state prison. Even if Commissioner Peabody be correct in his application of the facts to the statute, she was guilty of an attempt at the alleged felony, which attempt renders her liable to five years' imprisonment in the state prison. ( *In re Robinson,* 25 *Eng. L. and Eq.,* 216 ; *Ex parte Tayloe,* 5 *Cow.,* 39 ; 2 *Benn. & Heard,* 573 ; 3 *Hill,* 672 ; *United States* v. *Johns.,* 4 *Dall.,* 412 ; *Commonwealth* v. *Traske,* 15 *East,* 277 ; 1 *Greenleaf's Ev.,* § 382 ; *Whart. Am. Cr. Law,* 496 ; 2 *R. S.,* 748, § 46 ; 1 *Park. Cr. R.,* 367.)

*L. S. Chatfield,* for the prisoner.

*By the Court,* CLERKE, J.—The respondent in this *certiorari* was commited to close custody on the eleventh day of August last, by the Police Justice Davison, for an alleged felony. On the same day, she sued out a writ of *certiorari,* returnable the next day before Judge Daly, one of the judges of the Court of Common Pleas for the city and county of New-York. The cause, being in the Court of General Sessions, this writ was directed to its clerk, who returned the depositions on which her commitment by the police justice was founded, duly certified by him. The depositions thus became à record in that court. Judge Daly, after hearing counsel on both sides, discharged the writ sued out before him. Within a short time after the failure of this application to Judge Daly, a motion was made by the counsel for the respondent, before the Court of General Sessions, to admit her to bail, by virtue of the statute giving Courts of General Sessions power to let to bail persons commited to prison before indictment, for any offence triable in that court. (2 *R. S.,* 710, § 34, (31) 1*st ed.*) It appears from a certified extract from the minutes of the court, that this motion was denied; having been made, of course, in open court, and the district attorney having been heard in opposition. It is admitted, I believe, that the respondent was not personally or corporeally present in court when this motion was made; and, on the other hand, it is not denied that it was made on her behalf and with her concurrence.

On the thirty-first of August, the respondent sued out a writ of *habeas corpus,* returnable before Mr. Justice Peabody, one of the justices of the Supreme Court; and thus she renewed, for the fourth time, her application for bail. In the petition addressed to Judge Peabody, praying for this writ, she states that she is held in custody, and is imprisoned under a certain commitment, issued by the police justice, a copy of which, containing the alleged cause of her imprisonment, she annexed to her petition, making it a part

of the petition.   She also states, in reference to the impri-
sonment, that it was illegal, " as she was entitled to bail and
was ready, and offered to give sufficient security;" so that
it appears on the face of the petition that her right to bail,
or, at least, the propriety of granting it, was submitted to
the committing officer at or about the time he ordered her
imprisonment.   She also prays that the writ of *habeas corpus*
issue, directed to John Gray, warden of the city prison,
commanding him to have her body, with the time and cause
of her imprisonment, before the judge, at the chambers of
the Supreme Court, and that she be admitted to bail.   On
the face of the writ itself, it appears that it was issued by
Judge Peabody, at chambers; so that there is no foundation
for the supposition, that it was issued by the court at special
term, but on the contrary, it imports on its face to have
been issued by a judge, acting out of court at chambers, in
the manner in which proceedings of this description usually,
if not invariably originate, and are conducted.

The warden, in obedience to this writ, produced the body
of the respondent; at the same time making his return,
consisting of the original commitment, the writ of *certiorari*
before Judge Daly, and the order of the Court of General
Sessions.   The warden's return was traversed by the respon-
dent, stating " that her imprisonment and deprivation of bail
were unlawful;" " that the committing magistrate had not
sufficient proofs before him to justify such commitment;"
and she alleges, upon information and belief, "that the
papers annexed to her traverse are true copies of such proofs,
and the only proofs taken by such magistrate."

After argument before Judge Peabody, she was discharged
on bail.

Those proceedings before Judge Peabody, are now here,
on review at general term, for examination and correction,
pursuant to the provisions of the Revised Statutes. (2 *R. S.*,
573, § 84, (69.)

The People *v.* Cunningham.

Judge Peabody certifies, in his return to this court, that a motion was made by the relator to strike out of the return the papers annexed by the warden, being the *certiorari*, papers of Judge Daly, and the extract from the minutes of the Court of General Sessions, the decision of which motion he reserved; so that, if the motion ought to have been granted, the respondent is now entitled to the benefit of it. If it were granted, it is supposed by the respondent's counsel that nothing would be then legally before us but the mere warrant of the committing officer; and that there would be no proof that any officer, other than Judge Peabody, had judicially considered the legality or expediency of releasing the prisoner on bail.

Are these papers, then, not properly a part of the warden's return; or if not properly an essential and integral part of his return, were they otherwise improperly before Judge Peabody? Their genuineness is not impeached. It is not disputed that the proceedings took place before Judge Daly, and before the Court of General Sessions, and that they are duly authenticated; but on an inquiry, under the writ of *habeas corpus*, it is insisted that they were not fit and relevant subjects of consideration.

If the respondent's counsel mean to insist that Judge Peabody was bound to confine himself only to the process of commitment in order to ascertain if it was valid on its face, or to inquire whether the committing magistrate had jurisdiction, those additional papers would indeed be irrelevant, and consequently ought not to have been transmitted to him; but if this was the proper limit of Judge Peabody's inquiry, his decision was manifestly erroneous, for it is not pretended that the process was void on its face, or that the magistrate had not jurisdiction. If they insist, however, as they manifestly do insist, that he had a right to go behind the commitment and to inquire into the truth of the fact adjudged by the committing magistrate and to determine whether the offence charged was a legal offence, and if the prosecution,

The People *v.* Cunningham.

on the other hand, deny this and insist, as a preliminary objection, that those questions had been previously decided by an officer and a court of competent jurisdiction, it would be excluding what seems an essential preliminary inquiry, to confine the consideration of the judge at chambers to the mere commitment; and this would, in effect, be to prejudge, without investigation, the most important question presented by the district attorney, or, rather, it would preclude the possibility of considering it. Where the fact of a previous adjudication is insisted upon, and it is right that this fact should be presented to the judge, surely it is essential that proof of it should be placed before him, and whether it comes appended to the warden's return or is introduced by the prosecuting officer in the shape of proof *aliunde,* is a matter of no practical importance. This court will not, in any proceedings at chambers, require a strict adherence to technical rules, where justice is not prejudiced but rather promoted, even if they were generally applicable to such proceedings. The truth is, it is not necessary, in order to bring up all the papers deposited with the party who has custody of a prisoner, that a *certiorari* should also issue. All papers connected with any question cognizable by the judge before whom the prisoner is brought on *habeas corpus* are properly brought before him simultaneously with the return. It is the duty of the district attorney to see that the return states every cause that exists for the detention of the prisoner; whether it be a commitment alone, or, as in this case, a commitment and also the order of the Court of Sessions not to bail the prisoner, which were lodged with the warden. It would be a very idle ceremony, when the papers are once before him, for the judge then to issue a writ of *certiorari* requiring their production. They are produced, and their production being pertinent to the inquiry before him, they are deemed a part and parcel of the proceedings. I will, therefore, in this case, deem the order and papers which were before Judge Daly, and the extract

from the minutes of the Court of Sessions, properly before Judge Peabody and properly before this court for review.

The matter, then, as we perceive from this return, from the whole case, and even from the language employed in the respondent's petition, shows that, first, the police justice entertained the question of bail and that he decided it; secondly, that the question was brought before Judge Daly on *certiorari*, and, although I am not quite clear on what ground he decided, he dismissed the writ and refused bail; and, thirdly, that a motion was regularly made in the Court of General Sessions, in which the respondent was to be tried; that this motion was made in open court by her counsel, and opposed by the district attorney, and, after hearing both counsel, it was denied.

The judge below seems to be of opinion that the action of the committing magistrate was not final, and that there was not before him (Judge Peabody) any sufficient evidence that the question had been judicially determined by any court or officer having jurisdiction to pass upon it.

If the judge means, by saying that the action of the committing magistrate "was not final," that it was properly the subject of review by an appellate jurisdiction, he is probably correct; but if he means that any other magistrate of coördinate or concurrent authority, concurrent, I mean, so far as the question of commitment or bail is concerned, has a right to reconsider the question, that is, to rejudge the judgment of the court which passed on that very question, after hearing the prisoner's counsel, he is, I think, in error; and his opinion is at variance with what I conceive to be the only safe and expedient practice, and with the current of authority on the subject. Propriety and public convenience demand, when a decision is once deliberately made in relation to any matter properly before a court or judge, and within their jurisdiction, that it should not be disturbed, except by appeal to a higher tribunal; but if one judge be permitted to interfere with another of coördinate or concur-

The People *v.* Cunningham.

rent authority, any other judge can interfere with him, and so it may be continued and repeated through the whole circle of the judiciary, to the great disquiet of the public business and to the reproach and hindrance of public justice. In the case of *The People* v. *Capels* (5 *Hill*, 167), which was to be sure a case of contempt, the court, upon referring to section forty-two of the *habeas corpus* act (2 *R. S.*, 567) where the statute expressly forbids an inquiry into the justice or propriety of the commitment in such a case, adds: " If there had been no such statute, it is clear, upon principle, that *the judgment or decision of any court or officer* of competent jurisdiction cannot be reviewed on *habeas corpus*. If there had been error, the remedy is by *certiorari*, or writ of error." The judge has no authority to inquire into the truth of the fact adjudged by the committing magistrate. In the case of *Bennae* v. *The People* (4 *Barb.*, 31), it is expressly decided that when the return to a *habeas corpus* says that the party is detained on any process, the existence and validity of the process are the only facts upon which issue can be taken. These are what are meant as the material facts within the forty-eighth section of the *habeas corpus* act (2 *R. S.*, 569), not whether the process was founded on sufficient evidence or any evidence at all. It is unnecessary to refer to other cases. There seems to be a general concurrence with Mr. Hill in the remarks contained in his appendix to the third volume of his reports on this subject: " That the question whether bail shall be allowed or not is, in all cases of felony, purely judicial, not only before the appellate court or officer, but before the committing magistrate or court. The statutes, in giving power to bail, create no ministerial duty and impose no obligation beyond what rests upon any judge in the exercise of his powers as such. Thus, the direction to the court or officer to proceed and let the party to bail, if the case be bailable (2 *R. S.*, 593, § 30), although mandatory in form, can only mean when it is properly bailable. A literal construction would be absurd."

And again: "The examining magistrate enjoys a peculiar advantage, whether he is a justice of the peace or coroner, for determining the weight of evidence. It is made the duty of both to examine the witnesses for the prosecution and reduce their testimony to writing in the form of depositions. The magistrates have considerable power in compelling the attendance of witnesses."

But, in addition to the adjudication of the committing magistrate,. Judge Daly entertained the question. . There seems, at all events, to have been some discussion of it before him. As I have no reason, from the report before me, to feel assured that he passed upon the merits of the question, and as it is possible that he dismissed the matter on the ground that he did not consider it discreet to decide the question, or, more probably still, that it was *res adjudicata*, it is not, perhaps, expedient to deem his action, in reference to this subject, an adjudication. Indeed, the same objection would apply to his action in the matter, as to Judge Peabody's. With regard, however, to the decision of the Court of General Sessions, it is quite certain that the court had possession of the subject, and complete, undeniable jurisdiction of the person of the respondent. She was triable in that court; and they had power to let her to bail, if they thought proper. (2 *R. S.*, 710, § 34 [31] ). Being a party in a cause pending there, the application was properly made in her behalf by motion; and if properly made by motion, in a court in which she was a party to an action, both contestants being represented, and virtually present, no *habeas corpus* was necessary to bring her body before the court. On an application by motion, whether in a civil or criminal action, the bodily presence of the party making it can answer no purpose whatever. It is sufficient for the court to be assured that the application was made with the consent of the party. For us, it is only necessary to know that the court had power to entertain the motion, and that, in the exercise of this lawful authority, they did entertain it. Indeed, when

the people make a motion against an accused party, the effect
of which may be a judgment, the body ought to be brought
up ( 1 *Park. Cr. R.*, 360, *obs. Judge Mitchell* ) ; and, perhaps,
as against a prisoner, the presumption of duress constantly
exists, it is generally incumbent on the people, in every
antagonistic step, to see that this forced jurisdiction is per-
fect.   Without reference, then, to Judge Daly's decision,
we find that two tribunals of competent authority adjudi-
cated upon this question of bail; that, so far as we know,
the matter was fully and deliberately considered by them;
that the committing magistrate, to employ Mr. Hill's lan-
guage, had peculiar advantages in arriving at a correct
decision, and that the magistrate who discharged the pri-
soner on bail had no new state of facts before him to justify
his interposition.   He had, plainly, no better means than
the police justice, if as good, of ascertaining whether the
respondent was entitled to bail, or whether it would promote
the ends of justice to admit her to bail.   We do not believe
that it would be consistent with the well established prac-
tice, or with the public safety, to allow one magistrate to
disturb the decision of another magistrate, still less that of a
court, in cases where the decision is founded upon deliberate
inquiry into the merits.   And, if we had to make a rule on
this subject for the first time, we would consider it decidedly
best to confine the reëxamination of decisions upon all sub-
jects, as we think the law has long confined it, to an appel-
late tribunal, according to the usual course and practice of
proceedings for the examination and correction of errors in
an inferior jurisdiction.

   In this case, the very issue joined on the motion in the
Court of Sessions was, whether the prisoner should be let to
bail, not whether certain bail were sufficient.   That issue
was decided against her, and was conclusive in every tribu-
nal, except on appeal.   It is unlike the question whether
certain bail are sufficient; that does not preclude a new
application for a discharge on offering other bail, for in such a

case the first issue was not the same as the second; the first was whether the first bail were good; the second, whether the second bail were good.

Having arrived at this conclusion, it is unnecessary to consider the other questions entertained by Judge Peabody.

The court are unanimously of opinion that the proceedings should be reversed.

Proceedings reversed.

SUPREME COURT.   Erie General Term.   November, 1857.   *Davis,* *Greene* and *Marvin,* Justices.          ·.