THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISAAC S. CATLIN v. JOSEPH NEILSON, Chief Judge City Court of Brooklyn, Respondent.

*Habeas corpus—when a relator is held under a commitment after trial, the jurisdiction of the court only considered — Commitment—what it must contain.*

Where a return to a writ of *habeas corpus* shows that the relator is held under a commitment issued by a court of Special Sessions, after a trial and conviction by it, the only question presented is, whether or not such court had jurisdiction to try the relator and issue the commitment.

It is not necessary that the commitment should contain the names of the witnesses or the testimony given by them; it is sufficient if it contain a brief statement of the offense charged and the conviction and judgment thereon.

CERTIORARI to review a discharge granted to one Charles Schubert upon the return to a writ of *habeas corpus*.

*Isaac S. Catlin* (district attorney), for the relator.

*Robert Johnstone*, for the respondent.

DYKMAN, J. :

A petition stating that Charles Schubert was confined in the Kings County Penitentiary, and asking that a writ of *habeas corpus* issue, directed to the warden of the Kings County Penitentiary, commanding him to produce the body of Schubert before him, was presented to the honorable GEORGE G. REYNOLDS, one of the judges of the City Court of the city of Brooklyn. The writ was allowed by the judge in the usual form, commanding the keeper of the penitentiary to have the body of Schubert, with the time and cause of his imprisonment, before the judge at a time therein mentioned. The deputy warden made a return to the same judge that he retained the within named defendant, Charles Schaffer, by virtue of a commitment issued by Herman L. Guck, a justice of the peace of the city of Brooklyn, the original of which was annexed, and for no other reason, and that the facts stated in the commitment were true as believed. The

warrant of commitment stated that Charles Schaffer was brought before the justice of the peace on a warrant of arrest issued by him upon complaint on oath, charging him with having committed assault and battery on Joseph Bertholler; that Schaffer requested to be tried by a court of Special Sessions, and was arraigned upon the said charge before the justice sitting as a court of Special Sessions, and the charge as stated in the warrant of arrest was distinctly read to him in open court, and he pleaded not guilty thereto ; that the defendant did not demand a trial by jury and declared himself ready for trial, and the justice proceeded to try him and examined such witnesses as were produced, both against and in behalf of the defendant, and such proceedings were had that the defendant was convicted of the offense charged, and the court did adjudge and determine that for such offense the said Charles Schaffer be imprisoned in the penitentiary in the county for the term of six months. The commitment was directed: "To the sheriff or any constable of said county, or policeman of the city of Brooklyn," and concluded in these words: "Now, therefore, in the name of the people of the State of New York, you are commanded forthwith to take the said Charles Schaffer and him convey to the said penitentiary of said county, the keeper whereof is hereby required to receive and detain him therein during the said term of six months, or until thence discharged according to law." It will be noticed that the petition stated that Charles Schubert was confined, and the writ contained the same name, while the return states that Charles Schaffer was convicted. The discrepancy in the names is nowhere noticed in the proceedings or in the points submitted to us, and we will therefore assume that the same person is intended in all the papers. The defendant was brought before Judge Reynolds and the hearing adjourned to the twenty-ninth day of July, and on that day the defendant was discharged by Judge Neilson. How this came is not disclosed by the record, and no point is made of it before us. We will therefore examine the case on the merits. The writ of *habeas corpus* goes to bring up the body of persons detained, to the end that it may be ascertained whether they are deprived of their liberty without authority of law. Personal liberty is placed by our law on the same level with human life, and no per-

son can be deprived of either without due process of law. The inquiry under this writ is into the cause of imprisonment, and when it appears that the imprisonment is under process valid on its face, and in no way impeached, the person must be remanded; no matter what the error or irregularity or want of form may be, no inquiry into them can be instituted under this writ. It can never be made to do the duty and perform the functions of a writ of error. In this case the keeper of the prison returned to the writ that he held the defendant by virtue of a commitment upon a final judgment of a court of Special Sessions, by which the defendant was convicted of an assault and battery. The return was not traversed, and we must assume that its truth was admitted. Our statute provides that such persons shall not be entitled to prosecute the writ. (Section 22 of the Habeas Corpus Act, 2 R. S., 563.) Section forty-two of the same act provides that no court or officer, on the return of any *habeas corpus* or *certiorari*, issued under that article, shall have power to inquire into the legality or justice of any process, judgment, decree or execution specified in the twenty-second section, 2 Revised Statutes, 568. Section forty of the same act provides that it shall be the duty of a court or officer forthwith to remand such party brought up, if it shall appear that he is detained in custody by virtue of the final judgment or decree of any competent court of civil or criminal jurisdiction. (2 R. S., 567.) The best modern exposition of these statutes is given by the late Judge ALLEN, in his opinion in the case of *Tweed* v. *Liscomb* (60 N. Y., 570), in which he says: " If the judgment is merely erroneous, the court having given a wrong judgment when it had jurisdiction, the party aggrieved can only have relief by writ of error, or other process of review. He cannot be released summarily by *habeas corpus.*" The justice of the peace, whose commitment was returned by the prison-keeper as his justification for holding the defendant, had the legal and constitutional power, when sitting as a court of Special Sessions, to make the judgment he did, and to send forth the process he did to enforce it. In fact, no attempt was made to impeach or question it in any way. In the record before us, no ground is stated for the discharge, and we can find none. In the points it is stated that the record of conviction was produced on the hear-

ing and was void, and the prisoner was thereupon discharged. We think this must be a mistake, as there was no issue made on the return under which testimony could have been taken, and there was no way to get the record of conviction before the judge on the hearing. If, however, the question was before us, we should hold that whatever informality was disclosed by the record of conviction would furnish no ground for the discharge of the defendant by *habeas corpus.* The order discharging the prisoner must be reversed.

GILBERT, J. :

The return to the writ of *habeas corpus* showed that the prisoner was held under a commitment for a criminal offense, of which he had been convicted by a court of Special Sessions. It is not claimed that that commitment is invalid by reason of anything which appears therein. Nor does the case show that the facts stated in the return were denied. In strictness, therefore, the proceedings should be deemed the same as if the prisoner had demurred to the return. (3 Hill, 658, Appendix note 28; *Bennac* v. *The People*, 4 Barb., 31; *In re Da Costa*, 1 Parker Cr., 129.) But a copy of the record of the conviction aforesaid forms a part of the case. It is but reasonable to infer, therefore, that it was admitted upon an allegation that the imprisonment was unlawful, pursuant to the forty-eighth section of the Habeas Corpus Act, 2 R. S., 569. The only question that arose upon that evidence, was whether the court of Special Sessions had jurisdiction to issue the commitment. If the prisoner failed to impeach the record for want of jurisdiction, it was the duty of the respondent to remand him to custody. Error, irregularity, or want of form, does not warrant his discharge. (3 Hill, 661, Appenix note 31; *People* v. *Nevins*, 1 id., 154; *People* v. *Cassels*, 5 id., 164; *People* v. *Cavanagh*, 2 Park., 650; *People* v. *Shea*, 3 id., 562; *In re Lagrave*, 45 How. Pr., 301.) The respondent had not power to re-examine on *habeas corpus* the proceeding before the court of Special Sessions. (2 R. S., 568, § 42.) The only legitimate inquiry was whether such court had jurisdiction of the person and of the offense. The record of conviction and the commitment both show that it had. That being so, no insufficiency of the record, in point of form, justified the discharge of the pris-

oner. On the contrary, the statute expressly made it the duty of the respondent to remand the prisoner. (2 R. S., 568, § 43.) But we think the record is in all respects sufficient. It is not necessary that it shall contain the names of the witnesses, or the testimony given by them. The statute prescribes what it shall contain, namely: "A brief statement of the offense charged, and the conviction and judgment thereon." (2 R. S., 717, § 38.) The cases cited by the respondent's counsel are applicable only when the record is brought up by writ of error or *certiorari*. The latter was the mode at common-law of reviewing summary convictions, and the judgments of courts of Special Sessions. The Revised Statutes also provided for a *certiorari* to remove into the Supreme Court convictions before such courts. (2 R. S., 717.) But that provision was amended in 1857 (ch. 769), so as to confer upon courts of sessions power to review, in the first instance, every order, decision, sentence or judgment of any court of Special Sessions or Police Court, within their respective counties, and upon such hearing to affirm, reverse or modify the same as to the court shall seem just. That act also provides for an appeal to the court of sessions, from any conviction or sentence of a court of Special Sessions, and for bailing prisoners pending the appeal. These are appropriate remedies. But it was never the office of the writ of *habeas corpus* to perform the functions of a *certiorari*, or writ of error, and such use of it, as has been shown, is prohibited by statute. The case *In re Travis*, published in "The Reporter," vol. 6, 312, so far as it holds a contrary doctrine, cannot be sustained.

The order discharging the prisoner must be reversed.

Barnard, P. J., concurred.

Order discharging prisoner reversed.