PEOPLE ex rel. PERKERSON *v.* ST. DOMINICK.    463

First Department, January Term, 1885.

# THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELIZA PERKERSON, Respondent, *v.* THE SISTERS OF THE ORDER OF ST. DOMINICK, Appellants.

### (Matter of the Custody of ANNIE HOLTEN.)

Habeas corpus — *the sufficiency of the evidence upon which the relator was committed cannot be examined into — what evidence justifies the commitment of a child as a vagrant — Penal Code, sec.* 291.

Where a vagrant or destitute child has been committed to a charitable or reformatory institution by a police justice, as provided in section 291 of the Penal Code, the sufficiency of the evidence upon which the commitment was issued cannot be examined into upon a return to a writ of *habeas corpus* or *certiorari* issued upon the application of the child.

An affidavit, stating that on a day named, "at the city of New York, one Annie Holton, a female child, actually and apparently under the age of fourteen years, to wit, aged twelve years, was found begging, receiving and soliciting alms in Centre street, in violation of section 291 of the Penal Code," is sufficient to authorize the commitment of the child by the justice.

Appeal from an order discharging Annie Holten from the custody of the Sisters of the Order of St. Dominick.

*Elbridge T. Gerry*, for the appellants.

*James Oliver*, for the respondent

Daniels, J.:

Annie Holten, the person discharged, had been committed to the custody of the sisters of the order by a commitment of one of the police justices of the city of New York. She was so committed for violating subdivision 2 of section 291 of the Penal Code of the State. By that section a female child, actually or apparently under the age of fourteen years, who is found begging or receiving, or soliciting alms in any manner, or under any pretense, may, by subdivision 5, be arrested and brought before a court or magistrate as a vagrant, disorderly or destitute child, and the court or magistrate is authorized to commit the child to any charitable, reformatory or other institution authorized by law to receive and take charge of minors. No controversy has been made as to the authority of the sisters of the order to receive the custody of the child under these

provisions of the Penal Code. Neither was the commitment under which she was consigned to their custody in any manner informal or defective in carrying out these directions of the law. But still an application was made by the petitioner for a writ of *habeas corpus* and *certiorari* to discharge the child from the custody of the sisters. These writs were each issued, the *habeas corpus* to the sisters themselves, and the *certiorari* to the police justice before whom the child had been taken and who had committed her to the custody of the order. The *habeas corpus* was returned with the commitment as the authority under which the child was detained, and the police justice returned the sworn complaint or evidence, produced before him, upon which he determined the case to be within this section of the statute. Upon the hearing before the judge issuing the writ an order was made discharging the child from custody, and it is from that order that the appeal has been taken.

The proceedings seem to have been instituted and the hearing afterwards had upon the supposition that the judge issuing the writs could, by means of them, review the hearing had before the justice, and determine whether he had or had not acted upon sufficient evidence in making the order resulting in the commitment of the child. It was, in other words, designed that the judge should review the hearing, not by means of an appeal or a *certiorari*, bringing it before a court for that purpose, but through a collateral application, and to consider and decide whether the justice had or had not erred in the conclusion adopted by him. The proceedings authorized by the statute were not designed for this purpose. Another and an entirely different course has been prescribed to review a hearing which may have taken place in the course of legal proceedings under a statutory authority of this description. The law regulating the proceedings by *habeas corpus* has neither in terms nor by implication authorized or sanctioned the consideration of the evidence submitted to the magistrate, upon which he may have finally decided a case of this description, to have been made out and proved. The provisions contained in the *habeas corpus* act furnish no authority, after a final determination has been made by the magistrate, for requiring him, in answer to a writ of *certiorari*, to certify and return the evidence taken before

him to a judge or court proceeding under the authority of this act. What is to be done under and by virtue of the writ of *habeas corpus*, when it may be lawfully issued, has been clearly defined and prescribed, and a *certiorari* has only been provided for in place of the *habeas corpus* itself, and when that writ may not prudently be issued. (Code, § 2041.) When the writ of *certiorari* is issued, it is to be directed in like manner as the *habeas corpus* itself to the person having the custody of the individual whose discharge is the object of the application (Code, §§ 2021, 2022), and the object designed to be accomplished by each writ is precisely the same, that is, to require a statement of the time and cause of the imprisonment and detention of the individual whose discharge is to be applied for. In this respect the form of each writ, as well as the directions and authority given concerning them, are the same as were, previous to the Code, contained in the Revised Statutes of the State. 3 R. S. [6th ed.], 876, §§ 41, 42.)

By no provision and no construction has any authority been given to the judge to issue a *certiorari* for the purpose of bringing before himself, or before the court, where the hearing is to take place, the evidence upon which a final determination may have been made by the court, or officer, before which the proceeding has taken place, and that such a review was neither contemplated nor intended, clearly results from the directions contained in section 2032 of the Code. For that has directed that the court, or judge, must forthwith make a final order to remand the prisoner if it appears that he is detained in custody by virtue of a mandate issued by a court, or judge of the United States, having exclusive jurisdiction of the case, or second, by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction, or the final order of such a tribunal made in a special proceeding instituted for any cause, except to punish him for a contempt, or by virtue of an execution or other process issued upon such judgment, decree or final order. These directions exclude, by necessary and clear implication, the authority to inquire into the force and effect of the evidence upon which the determination may have been made. They are no more than a repetition of those previously contained in the Revised Statutes. And this construction is further sustained by those contained in section 2033 of the Code, declaring the cases

in which the person may be relieved from imprisonment, neither of which includes or justifies a review of the evidence resulting in the judgment or order of the court or officers.   Even the much criticised case of *People ex rel. Tweed* v. *Liscomb* (60 N. Y., 559) does not permit an inquiry into the effect of the evidence to be made.   For, by that, it was held that the court, or officer, could not go behind the judgment and inquire into errors or irregularities preceding it, to determine whether it had been properly entered or not, but was confined to the judgment and process itself in the hearing and decision which might be made.

The point whether a court or officer could go beyond the commitment or order set forth in its recitals, to determine whether it was justified by the evidence, has been often examined in other cases, where it has been held that such a proceeding was wholly unauthorized.   (*Stewart's Case*, 1 Abb., 210; *Matter of Prime*, 1 Barb., 340; *Gray's Case*, 11 Abb., 56; *Bennac* v. *People*, 4 Barb., 31; *Case of Twelve Commitments*, 19 Abb., 394; *Case of Williamson*, id., 413.)   The statute required no more to take place before the magistrate than appears by the commitment to have been done.   For it has simply provided that when a child shall be brought before him for a hearing, he may commit it to such an institution as is maintained by the appellant.   No other or more formal proceeding than that which took place has been provided, and by the recitals in the commitment all the requirements contained in the statute appear to have been observed.

If, however, any investigation under the *habeas corpus* act can be made into the sufficiency of the evidence before the magistrate, then that which was taken was sufficient to comply with the requirements of the statute.   The form in which it should be taken has not been prescribed, and it has accordingly in an uncontested case been left very much to the discretion of the magistrate.   It was taken by him in writing, subscribed and sworn to by the witness, and established all that was required to justify the commitment which was made.   It was in the following form :

STATE OF NEW YORK, }
City and County of New York, } *ss. :*

John F. Potter, of Earl's hotel, Canal and Centre streets, being duly sworn, deposes and says, that on the 14th day of January, 1884,

at the city of New York, in the county of New York, one Annie Holton, a female child, actually and apparently under the age of fourteen years, to wit, aged twelve years, was found begging, receiving and soliciting alms in Centre street in violation of section 291 of the Penal Code.

Therefore, deponent prays said child may be committed to some institute.

JOHN F. POTTER.

Sworn to before me, this
30th day of January, 1884· )

P. G. DUFFY,

*Police Justice.*

and fully sustained the conclusions of the magistrate and justified the commitment which was issued by him.

The order should be reversed, both writ dismissed, and the child recommitted to the custody of the appellant.

DAVIS, P. J., concurred; BRADY, J., concurred in the result.

Order reversed, writ dismissed, and child recommitted to custody of appellant.