## BEEKMAN vs. TRAVER.

In a *plea of justification* by an officer for taking property in satisfaction of a rate or tax imposed by an *incorporated* aqueduct company, it is not necessary to aver the *organization* of the company; it is enough to aver, that by the act of incorporation, the original proprietors were *declared a body corporate and politic in fact*, if such are the terms of the act.

An averment that the *warrant*, by virtue of which the property was taken was *under the hand* of the officer issuing it, is sufficient, although the act authorizing its issuing requires it to be under the *seal* as well as the *hand* of the officer.

A declaration in *trespass* containing *two counts*, in each of which it is alleged that the defendant took and carried away a gig, is answered by a plea justifying the *taking of the said gig* in the *several counts* of the declaration mentioned.

DEMURRER to plea. The plaintiff declared in *trespass* for the taking of a *gig*. The declaration contains *two counts*, in each of which the taking of a gig is charged. The defendant put in a special plea of *justification*, alleging that by an act of the legislature, entitled " An act to incorporate the Hudson Aqueduct Company," passed 22d March, 1816, Robert Jenkins and four other persons, their then present and future associates, their successors and assigns, *were created and declared to be a body corporate and politic in fact*, by the name of "The President and Directors of the Hudson Aqueduct Company ;" that the plaintiff on the 29th May, 1835, was, and for a long time before had been an inhabitant of the city of Hudson, and on that day used and for a long time before *had used the water* of the aqueduct belonging to the company ; that the president and directors of the company imposed a rate or tax of $11.11 upon the defendant for the use of the water ; that payment was demanded of him, and on his refusal to pay, application was made to a justice of the peace for a warrant, who issued the same *under his hand*, directed to any constable of the city of Hudson, commanding him to levy the rate or tax of the property of the plaintiff ; that the warrant was delivered to the defendant, a constable of the city, who by virtue thereof seized, levied and took the gig : which are the

same *supposed trespasses* in the said *several counts* of the declaration mentioned ; and this, &c. wherefore, &c. To this plea the defendant interposed a general demurrer.

*J. W. Edmonds*, for the plaintiff.

*M. T. Reynolds*, for the defendant.

*By the Court*, NELSON, Ch. J. The act of incorporation provides that the warrant shall issue under the *seal* as well as the *hand* of the justice, and it is contended the declaration is bad for not averring the fact. To this it is answered that the term warrant implies a seal, and hence an averment was unnecessary. A warrant in a criminal proceeding at common law must be under the seal of the magistrate issuing it, 2 *Hawk.* 85, 136; 4 *Burns' Just.* 393; 4 *Black. Comm.* 291; and the fact would therefore be implied from the use of the term in such cases ; it would not be a warrant in the sense of the law unless sealed. This process, now frequently used in civil proceedings under various statutes, was taken from the criminal law ; and its import, as there defined, may well be regarded in its new office. Our statute has now dispensed with the seal in both civil and criminal courts in various instances. 2 *R. S.* 267, § 232. *Id.* 706, § 3. If we are right in this view, then though the plea alleges the warrant to have been issued under the hand of the magistrate, without the addition of the words *and seal*, still this does not necessarily negative that fact, if fairly implied ; as the term imports the seal, all that was material to aver was the issuing of the warrant by the magistrate as set forth ; the rest follows. The statute dispensing with the seal sustains this view of the import of the term ; for otherwise it would have been unnecessary.

It is also contended that there should have been an averment in the plea, that the *Hudson Aqueduct Company* had been organized. It sets forth that R. Jenkins and others, his associates, &c. were created and declared to be a body corporate and politic in fact, by the name of the " President and Directors of the Hud-

Beekman *v*. Traver.

son Aqueduct Company. " This is sufficient. On recurring to the act itself, it will appear that this averment is not too strong ; that no steps were necessary to vest the company with corporate powers, or made a condition precedent to the right to impose and collect the tax for the use of the water.

The rate or tax was not to exceed nine per cent. on the moneys actually expended in making the aqueducts and furnishing the water, together with compensation to a few of their officers. The demurrer admits the furnishing of the water by the company and the use of it by the plaintiff ; and the right to the tax necessarily follows. The company is thus shown to be a corporate body, and a general performance of the services for which the tax may be levied. It certainly cannot be necessary to set forth the particular steps in the performance of the service.

It is further contended that the pleas profess to answer the whole of the declaration, but in fact answer only a part. The argument is this, that the plaintiff has counted for two gigs, and the pleas afford an answer but for one. I do not thus understand them. After setting out the proceedings in due form it is averred that the defendant, as constable, "*seized and levied upon the said gig in the several counts of the said declaration mentioned as of the goods and chattels of the said plaintiff,*" &c. thereby covering the trespass charged in each count. There are two counts, and the taking of one gig is charged in each. The pleader intended to justify the taking of each by the use of one and the same process ; and if the two might have been taken at the different times mentioned, under and by virtue of the same warrant, of which there can be no doubt, then the justification is complete ; each trespass is answered ; and the several takings were by authority of law.

Judgment for defendant.