Millett *v.* Baker.

[NEW YORK GENERAL TERM, June 1, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]

◆

## MILLETT *vs.* BAKER and HOPKINS.

42b 215
50ad 98

At common law a seal was not necessary, to a warrant issued by a justice of the peace, and is only made so, even in criminal cases, when specifically required by statute. And there is no settled rule, in New York, either judicial or legislative, to the contrary.

Proceedings under the statute respecting bastardy are not proceedings in criminal cases.

A warrant issued by a justice of the peace, for the arrest of a putative father, under the statute relative to bastardy, which statute directs the justice " to *issue his warrant* directed to any constable,'' &c. but does not specify whether it shall be under seal or not, is valid without a seal.

MOTION for a new trial, in an action for assault and battery and false imprisonment, tried at the Onondaga circuit, September, 1863, before Hon. J. MULLIN and a jury.

It appeared that in April, 1863, the defendant Hopkins was an overseer of the poor, and Baker a justice of the peace of the town of Manlius, and that, upon the application of Hopkins, Baker issued a warrant for the arrest of Millett, as the putative father of a bastard child, upon which he was arrested and brought before the justice, and an order of affiliation was made against him. All the proceedings and the arrest were conceded to be regular, except that the warrant was issued under the *hand* of the justice and *without seal.* The defendants moved for a nonsuit upon the ground that the warrant, though without seal, was a justification of both

defendants. The court denied the motion, to which the defendants' counsel excepted.

The court charged the jury that the warrant was not a justification for the arrest; because it was without seal, and that the only question for them to consider was the amount of damages which the plaintiff should recover. To which instruction and charge the defendants' counsel excepted. The jury found a verdict for the plaintiff of $50. The motion for a new trial was ordered to be heard in the first instance at the general general term.

*Geo. N. Kennedy,* for the defendants. I. The proceedings in this case were unknown to the common law. The statute authorizing them defines the process which is to issue to arrest the putative father, to wit, a warrant, and requires the justice to issue his warrant. It does not define the form of the warrant, or require it to be under seal. (1 *N. Y. Statutes at Large,* 596, § 6.) At common law a warrant was not required to be under the seal of the justice. Judge Nelson says (it is true) in *Beekman* v. *Traver,* (20 *Wend.* 68,) that a warrant at common law must be under seal, and cites 2 *Hawk. Pl. Cr.* 124, and 4 *Bl. Com.* 290. Both these authorities say it *ought* to be under seal. Judge Rosekrans, in *The People* v. *Holcomb,* (3 *Parker's Cr. R.* 663,) assumes *that,* on the same authorities. The following authorities hold directly that it need not be sealed, unless required by the act of parliament under which it issues : 4 *Sharswood Bl. Com.* 290, *note ; Willes' Rep.* 411 ; *Buller's N. P.* 83 ; 1 *Chitty Cr. Law.* 31–38.

II. These proceedings are *quasi* criminal in their character. By the provisions of the statute, all criminal warrants issued by a justice may be with or without seal. (2 *R. S. at Large,* 730, § 3.)

III. This process is issued by a justice of the peace, and by the provisions of the statute all process issued by any

justice of the peace shall be signed by him, and may be under seal or without seal.    (3 *R. S. 5th ed.* 454, § 168.)

*Pratt & Mitchell,* contra.    I. Previous to the statutes of 18 *Eliz.* and 6 *Geo.* 2, the putative father of a bastard child was under no legal liability for his support.    His liability has been created by statute, and the remedy so prescribed must be strictly pursued.    (19 *Wend.* 406.    25 *id.* 619.)

II. The warrant in this case was absolutely void for want of a seal.    (3 *Parker's Cr. R.* 664.)    The term warrant implies a seal, except cases where a seal has been dispensed with by statute.    (20 *Wend.* 67.    3 *Hill,* 495.)    A warrant issued by virtue of any statute must be sealed, unless otherwise provided by statute.    (2 *Hawk.* 85.    20 *Wend.* 68.)    Our statutes have dispensed with the necessity of a seal, in many cases, but the necessity of a seal in bastardy cases has not been abolished.    (3 *Park. Cr. R.* 664.)    To hold the warrant good without a seal would be to determine that all the various statutes heretofore passed abolishing it in certain cases were wholly unnecessary.    But it is otherwise decided.    (20 *Wend.* 68.)    Bastardy warrants, in England, were always issued under seal, and so are the forms in this country.    (*Barb. Cr. Law,* 661, *form* 55.)

III. A bastardy warrant is not within any of the statutes abolishing the necessity of a seal.    It is not a warrant in a civil case.    It is not a criminal warrant for the arrest and examination of an offender.    It stands upon the same footing, in regard to a seal, as search warrants, which it is clear are void without a seal.    (3 *Park. Cr. R.* 664.    10 *John.* 263.)

IV. The warrant being void, the plaintiff's arrest and imprisonment were clearly unauthorized and illegal, and the justice who issued it, as well as the overseer who procured it, are liable for false imprisonment.    (10 *John.* 93.)    The complainant is always responsible for the validity of the process he procures to be issued.    (9 *John.* 117.)    The only

point made on the trial was in regard to the validity of the warrant, it having been issued without a seal.

*By the Court,* FOSTER, J. The statute, under which the warrant in this case was issued, directed the justice " to *issue his warrant,* directed to any constable" &c. and did not specify whether it should be under seal or not; and the only question is, whether a seal was necessary to its validity at common law; or rather, whether the term *warrant, ex vi termini,* imports an instrument under the seal of the court or officer which issues it.

1. It is said in 2 *Hawk. Pl. Cr. B.* 6, "that it *ought* to be under the hand and seal of the justice who makes it out," (*citing* 1 *Hale,* 577; 2 *id.* 111; *Dalt. C.* 117; 3 *Inst.* 76, *and* 14 *Hen.* 8, *fol.* 16.) And all the elementary works, so cited, contain the same proposition. Sir Mathew Hale observing (1 *Hale,* 577,) that "it must be under seal, though some have thought it sufficient if it be in writing, subscribed by the justice." And *Blackstone,* (*vol.* 4; 290,) without citing any authority, says: "This warrant ought to be under the hand and seal of the justice." The only adjudged case, referred to by them in support of the proposition that a seal at common law was necessary, is the one reported in the year book (14 *Hen.* 8, *fol.* 16;) and it is the only ancient case which I am able to find tending to establish the doctrine above stated. And the elementary works referred to, except Blackstone, were written before the case of *Redfield* v. *Cabell,* reported in *Buller's N. P. Cases,* 83, and more fully in *Willes' Rep.* 411, was decided.

It appears from the opinion of Willes, Ch. J. at page 412, that the case in the year book does not decide that a seal to a warrant was necessary, at common law. He says: "Now a *warrant* does not *ex vi termini* imply an instrument under seal; it signifies no more than an *authority.* All the books in which it is said that a warrant must be under seal are founded on a case in the year books, (14 *Hen.* 8, *fol.* 16 *a,*)

where it is said that a justice of the peace is a judge of record, and hath a seal of office; and that the inferior officer when he sees the seal, must give credit thereto." And in the note to the American edition of Willes (*page* 412, *note c,*) it is said: " This point respecting the necessity of a warrant being *under seal,* did not arise in the case of 14 Hen. 8, 16 a, where the defendant justified, in an action for false imprisonment, under a warrant granted by a justice of the peace, after the arrest, without showing, in his plea, *when* or *where* the warrant was granted. The passage here relied upon was merely a dictum of Ch. J. Brudenell, who put it by way of illustration, in considering in what cases an officer would be justified in executing a warrant, though the justice would not in granting it." It appears, therefore, that the case in the year book is no authority for the necessity of a seal; for that question was not before the court; but simply whether it should appear *when* or *where* the process was issued; and that what was said by the chief justice in that case was *obiter.* It was not the only *obiter dictum* in that case; for Lord Ch. J. Hale, in speaking of an opinion of Lord Coke founded upon another part of the case, in the year book, says: (1 *Hale,* 579,) " And therefore the opinion of my Lord Coke, 4 *Inst.* 177, is too straight laced in this case," &c. " And the book of 14 Hen. 8, 16, upon which he grounded his opinion, was no solemn resolution, but a sudden and extra judicial opinion, and the defendant had liberty to amend his plea, as to the circumstance of *time,* to the end that it be judicially settled by demurrer, which was never done; and the constant practice hath obtained contrary to that opinion."

In *Padfield* v. *Cabell,* (*Willes,* 411,) the precise question was up, whether a warrant must be under seal when the statute did not *in terms* require it. And the court held that it need not. And the chief justice, in his opinion, noticed and examined all the authorities above referred to; and he also cited the case *Aylesbury* v. *Harvey,* (3 *Lev.* 205,) as in point. In *Aylesbury* v. *Harvey* the defendant seizing a cup

under a warrant granted by justices of the peace, on a conviction under the excise laws, to levy twenty shillings; and in answer to an objection, taken to the plea, that the *warrant* was not pleaded with a profert, the court said, "The statute does not require that the warrant should be *under hand and seal*, but only in writing; and no writing is to be pleaded except it be a deed, &c."

*Buller* (*N. P. Cas.* 83) says: "That *warrant, ex vi termini*, means only an authority; therefore a warrant under the hand of a justice is sufficient, without being under seal, unless particularly required by act of parliament, citing *Padfield* v. *Cabell*.

It is manifest that since these decisions the current of opinion in England has been that a seal to a warrant, even in criminal cases, was not necessary, unless the statute required it. "It is generally laid down that the warrant ought to be under the hand and seal of the justice who makes it; but it seems sufficient if it be in writing and signed by him, unless a seal is expressly required by particular act of parliament." (1 *Chit. Crim. Law*, 38, *citing in support of the last proposition, Willes' Rep.* 411; *Bul. N. P.* 83; *Burns, J. Warrant* IV; *Dick, J. Warrant* III, *and Toone*, 450.) *Petersdorf*, (*Abr. vol.* 15, *tit. Warrant*, 358, *note* †,) reiterates the rule as laid down in Chitty; and as adopted by him in his Notes to Blackstone, (4 *Chit. Blk. Com.* 290, *note* 7,) and in 4 *Blk. Com. by Welsby*, 290, *note* 6. *Shephens* (*Crim. Law*, 240) says: "The warrant ought to be under the hand and seal of the justice, though perhaps a seal is not essential, unless where expressly required by act of parliament."

In *Mayhew* v. *Locke*, (7 *Taunt.* 63,) where a suit was brought to recover damages for an arrest and commitment under a verbal order, the court held that the warrant of commitment should have been in *writing*.

In *Hutchinson* v. *Lowndes*, (4 *B. & Ad.* 118,) where an action for false imprisonment was brought for a commitment by parol, where the statute 5 Geo. 2, ch. 18, sec. 2, specified

that "it shall be lawful for the justices to issue a warrant for committing such offender," the court held that it must be a warrant in *writing.*

I think, therefore, that the weight of authority in England is clearly in favor of the doctrine that a warrant need not be under seal unless the statute expressly requires it. In Scotland, also, the warrant need not be under seal. (2 *Allison's Crim. Law,* 122, 123.)

It is claimed, however, that our own court has by its decisions settled that the common law rule requires a seal; and the cases of *Beekman* v. *Traver,* (20 *Wend.* 67,) *Smith* v. *Randall,* (3 *Hill,* 495,) and *The People* v. *Holcomb,* (3 *Parker's Crim. Rep.* 656,) are cited for that purpose.

In *Beekman* v. *Traver,* which was an action of trespass for taking a *gig,* the defendant pleaded certain facts, and then alleged that a warrant was issued *under the hand* of a justice and delivered to him, as a constable, by virtue of which he took the property in question. To which plea the plaintiff demurred. The statute under which the process was issued required it to be *"under the hand and seal* of the justice ;"* and the question was whether the allegation in the plea, that it was *under the hand* of the justice, was equivalent to alleging that it was *under his hand and seal.* The question therefore was not whether a seal could be dispensed with, but whether pleading that it was under his hand was enough, and the court held that the plea was sufficient. Justice Nelson, in the opinion, says : " A warrant in a criminal proceeding must be under the seal of the magistrate issuing it, (2 *Hawk.* 85, 136 ; 4 *Burns' J.* 393 ; 4 *Bl. Com.* 291 ;) and the fact would therefore be implied, from the use of the term in such cases. It would not be a warrant in the sense of the law, unless sealed." It is true that the question whether a seal, at common law, was necessary, was involved in the decision, but it does not appear that any other authorities were cited on the argument, or examined by him ; and it is clear that the question, whether at common law a seal was

necessary, was not mooted, but was assumed apparently without investigation.

In *Smith* v. *Randall* the question whether at common law a seal was necessary to a warrant, was not before the court. The statute under which the warrant in that case was issued, required it, in terms, to be under hand and seal. (1 *R. S.* 484, § 88.) And the question before the court was whether the *renewal, under seal,* of an original warrant which was issued without seal, was sufficient to justify the officer in taking the property on the *renewed* warrant. The remark of Justice Bronson therefore, that "indeed the term warrant implies a seal in cases where a seal has not been dispensed with by statute," was entirely extra judicial. No such question had been argued; no authority on that point cited; and he only referred to the case of *Beekman* v. *Traver.*

In *The People* v. *Holcomb,* the defendants were indicted and tried for resisting a constable in the execution of a search warrant, issued without seal, directed to any constable *of the county,* and it did not *describe the place* to be searched. The defendants were convicted; and on the argument of their exceptions, the only questions raised or argued by the counsel for the defendants, were that the warrant was void, *first,* because it was directed "to any constable of *said county,*" and "*second,* the warrant did not particularly describe the *place* to be searched." The court held the warrant void for each of the objections made at the argument; and they also held it-void because not under seal. In support of the last proposition, the learned justice who delivered the opinion cited 4 *Bl. Com.* 291; 2 *Hawk.* 85 *and* 136; 4 *Burns' J.* 393, 394; *Beekman* v. *Traver,* (20 *Wend.* 68;) and the cases from other states, of *Welch* v. *Scott,* (5 *Ire.* 72;) *State* v. *Woolsey,* (11 *id.* 242;) *State* v. *Drake,* (36 *Maine R.* 366;) *State* v. *Coyle,* (33 *id.* 427,) *and State* v. *McNally,* (34 *id.* 210.)

It is clear from the report of the case that no point was taken, before the court, that the warrant was void for want

Millett v. Baker.

of a seal; showing, I think, that the counsel for the defendant, who had examined the case, had no confidence in such an objection ; that no authorities in regard to it were cited, and that the attention of the judge, in his investigation of the case, was not called to any authority in England or in this country, either adjudicatory or elementary, in opposition to the supposed rule that the warrant without seal was void, except the case cited from 34th Maine Reports, 210, which will be found to be an authority in support of the rule that a seal is not necessary.

In addition to that case, the following decide that a seal to a warrant is not necessary except when expressly required by statute: Davis v. Clements, (2 New Hamp. Rep. 390,) which was upon a warrant of distress under the highway act; State v. Vaughan, (1 Harper, 313,) under a warrant to arrest in a criminal case; Thompson v. Fellows, (1 Foster, 430,) under a summary warrant under the highway act; Coleman v. Anderson, (10 Mass. Rep. 105,) under a warrant of the selectmen to call a town meeting; and Bradford v. Randall, (5 Pick. 496,) per Morton, J. under a warrant for the collection of taxes. And in Ex parte Smith, (5 Cowen, 273,) which was a habeas corpus to discharge a prisoner from arrest, on a warrant issued against him by a justice of the peace, for an alleged crime, the warrant was not under seal. Several other objections were made to the arrest, but the question as to a seal was not taken; and the court refused to discharge the prisoner; showing, I think, that neither the counsel or court supposed a seal to be necessary.

The same rule is declared in several works on criminal law reprinted or published in this country. In note 6 to page 290 of Sharswood's edition of Blackstone's Commentaries, volume 4, in commenting on the text, which says that a warrant ought to be under hand and seal, the editor lays down the rule that "it seems sufficient if it be in writing and signed by him, unless a seal is expressly required by a particular act of parliament." So, too, Barbour's Criminal

*Law,* 457, and *Waterman's Archbold's Pleadings,* (6th ed.) 33 *note* I., hold that a seal is not necessary.

But it is claimed that our legislature has, in many instances, *dispensed* with a seal to warrants, and that it furnishes a legislative construction that at common law a seal was necessary. This assumes the whole question in controversy. It assumes that at common law a seal was necessary; for without this there could be no statutory dispensation; and also that the acts of the legislature have been such as to show *an intention* to change the rule as it before existed. And the court, in *The People* v. *Holcomb,* instance several acts of the legislature in regard to warrants, from which they infer that it intended, in those cases, to dispense with a seal. And among them, one where the legislature prescribed that a warrant might be issued "*under the hands* of the magistrates who held the court." Now if a seal, in such a case, was necessary at common law, and if the rule laid down by Justice Nelson in *Beekman* v. *Traver,* that a statement in a plea that the warrant was *under the hand* of the magistrate implied that it was sealed, was correct, then the legislature in that case did not intend to dispense with a seal; for if, upon a true construction of a *plea,* the words *under his hand* import a seal, the same rule must apply to the same language in a *statute,* and the seal would still be necessary. I think, however, that the court, in *Beekman* v. *Traver,* erred, and that the words *under his hand,* in a plea, were not equivalent to an averment that it was under his hand and seal. And yet it does not prove that when these words are used in a statute, it "dispenses" with a seal; although, doubtless, in such a case, a seal is not necessary.

In many cases, the legislature now requires, in express terms, that warrants shall be under seal, or under hand and seal; and upon the principle of dispensation claimed, such enactments would establish that at common law a seal was *not* necessary. For why enact that they should be under hand and seal, if at common law it was clearly necessary that

they should be so? I do not, however, claim such a declaration; but cite the case merely to show that the supposed rule of dispensation is a mistaken one.

In a variety of cases the legislature has directed that warrants may issue, without specifying whether they are to be under seal or not. In others, it has provided that they issue with or without seal; in others, that they shall issue under the hand and seal; and in others that they shall be under the hand of the magistrate. But the more they are examined, the more it will be apparent that they were not intended to dispense with, or change, the common law rule; but are the expression only of what the legislature saw fit to direct in each particular case. And I find nothing in the notes of the revisers showing an intention, on their part, to dispense with any common law rule in regard to warrants, in any of the sections reported by them. Take, as an illustration, the statute under which the warrant in this case was issued. Section 6, page 642 of 1st *Revised Statutes*, provides that the justice shall thereupon issue "his warrant" to arrest the putative father, while section 30, page 648, provides for the discharge of a putative father by a warrant under *the hands and seals* of the justices by whom he was committed.

So, too, in the case of disorderly persons, (1 *R. S.* 638, § 2,) it provides that in case of complaint, &c. the justice shall issue his "warrant" for the apprehension of the offender; and the same section also provides that, upon conviction, the justice shall, by "*warrant under his hand,*" commit the offender. And can it be said, upon any true principle of construction, that the legislature intended that the warrant for the *arrest* should be under hand and seal, and that the warrant of commitment should be only under his hand? or that each of them should be under seal?

If the legislature, when it directs how a warrant may, or shall issue, is to be deemed as acting with direct reference to the common law rule, and if the well settled common law

rule is that it must be under seal, why has the parliament of Great Britain, from time to time, directed that certain warrants shall be under seal ? As in the statute of 48 Geo. III, chapter 58, sec. 1, where it is enacted that when any person is charged with any offense below the grade of treason, or felony, for which he may be indicted in the court of king's bench, it may be lawful for any judge of that court to issue his warrant, under his hand and seal, to arrest the offender.

The same course of legislation, both in this state and in England, might be adverted to, to a much larger extent, to show that no such deduction as is claimed can be drawn from the language of the statutes ; but I consider it unnecessary. And my opinion is, that at common law, a seal was not necessary, and is only made so, even in criminal cases, when specifically required by the statute ; and that there is no settled rule, in this state, either judicial or legislative, to the contrary.

II. But even if the rule as laid down in *Hawkins, Hale, Blackstone* and others, be correct, it applies only to warrants issued to arrest, or commit, for crimes, and does not extend to warrants like the one in question. The warrants of which they treated, were such as were strictly criminal, and issuable at common law, as well by justices of the court of king's bench, justices of the oyer and terminer, and others, as by justices of the peace ; and such justices of the peace, as well as justices of the king's bench and of oyer and terminer, and others, were judges of record. (5 *Bac. Abr., title Justices of the Peace, p.* 393. 4 *Com. Dig., Justices of the Peace, C.* 3.) And justices of the peace held courts of petit, general and quarter sessions, (4 *Com. Dig., Justices of the Peace, D.* 1;) and had the appointment of the clerk of the peace, (*Id. D.* 5;) and had a seal of office. (*Willes' Rep.* 412.)

It will be seen, therefore, that even if such a rule prevailed in regard to criminal warrants, in England, there is no reason why it should apply, in this state, to warrants

other than for crimes, issued by justices (who have no official seal,) in cases of special proceedings instituted in virtue of particular statutes.

Not a single citation above set forth, where it is assumed that a seal is necessary to a warrant, was in reference to any other than criminal proceedings, except the case of *Beekman* v. *Traver*, and in that case the seal was required by statute; while the unbroken current of authority, both in England and in this country, as the cases above show, is that in all other than criminal proceedings, a seal is not necessary.

In this case no common law crime or offense was charged. And it is correctly alleged by the counsel for the plaintiff that at common law no legal obligation rested on him to support his bastard child; and the statute was only intended to compel him to perform his moral obligation of providing for his own offspring. And the proceedings under the statute are not proceedings in criminal cases.

The warrant in question was valid, without a seal, and the verdict should be set aside, and a new trial ordered, with costs to abide the event.

[ONONDAGA GENERAL TERM, June 28, 1864. *Morgan, Bacon* and *Foster*, Justices.]