PHILIP GANO, Appellant, *v.* NATHAN G. HALL, Respondent.

A warrant of commitment, issued by a justice of the peace, under the statute entitled "Of proceedings to prevent the commission of crimes" (part 4, ch. 2, title 1, of the Revised Statutes), is valid without any seal affixed.

The plaintiff was brought before a justice, charged with threatening an assault; and his examination having extended late into the night, the justice decided that he should give bonds to keep the peace, and the plaintiff having refused, the justice stating himself to be too ill to make out a warrant for his commitment then, told the plaintiff he might go where he had a mind to that night. The plaintiff went home, and the justice having the next morning issued a warrant of commitment against him, under which he was arrested and imprisoned—*Held*, in an action against the justice for false imprisonment, that the permission given to the plaintiff to go at large was not a discharge, and the subsequent warrant not illegal.

(Argued January 8th, 1870; decided March 17th, 1870.)

THIS is an appeal by the plaintiff from a judgment of the General Term of the Supreme Court of the sixth district, affirming a judgment rendered in favor of the defendant upon a trial at the Otsego Circuit, in December, 1862. The action was false imprisonment, and the defendant justified under a warrant issued by him as a justice of the peace, pursuant to chapter 2, title 1, part 4, of the Revised Statutes, entitled "Of proceedings to prevent the commission of crimes." On the 11th day of September, 1861, Harvey E. Saxton presented to the defendant, who was a justice of the peace of the town of Westford, in the county of Otsego, a complaint in writing, and upon oath, in which it was stated, among other things, "that on the 11th day of September, 1861, one Philip Gano, of the town of Middlefield, in said county (Otsego), did threaten to shoot a ball through him, the said Harvey E. Saxton, and that he hath great cause to fear that the said Philip Gano will shoot or otherwise beat or wound him, the said Harvey E. Saxton. Wherefore this deponent prays that the said offender may be bound by recognizance to answer the offence at the next Court of Ses-

sions to be held in said county, and in the meantime to keep the peace." The defendant, as such justice, took the examination of the said complainant under oath and reduced the same to writing, which was subscribed by the complainant and thereupon issued a warrant for the apprehension of the said Gano, who was arrested and brought before the said justice, and the examination was continued until between two and three o'clock on the morning of the 12th of September, when the justice decided that Gano should enter into a recognizance, with surety, in the penalty of $300, which he refused to do. The defendant stated to the plaintiff that he was too sick and tired to make out a warrant that night, and the plaintiff might go pretty much where he had a mind to that night, and the plaintiff went home. On the 12th of September, 1861, the defendant prepared the warrant of commitment and delivered the same to a constable, and the plaintiff was committed to the jail of the county of Otsego. The warrant of commitment was not under seal. Upon the trial of this action the court charged the jury, among other things, as follows: "That the warrant of commitment was good without seal," &c., to which the plaintiff's counsel excepted. The court also charged the jury "that it was a question of fact for them to determine whether the defendant, Hall, discharged the plaintiff, Gano, at the time he was brought before him on the warrant of arrest," to which the plaintiff's counsel excepted. The court further charged the jury "that if the defendant did discharge him, he was liable in this action for subsequently issuing the mittimus, on which the plaintiff was arrested and imprisoned; but if he did not discharge him, and issued the mittimus without previously discharging the plaintiff, the plaintiff could not recover;" to which the plaintiff's counsel excepted.

The plaintiff's counsel requested the court to charge the jury, " 1. That the process of commitment is void for the reason that it was issued without seal, and the defendant is therefore liable," which the court refused to do, and the plaintiff's counsel excepted. " 2. That when the jus-

tice (Hall) told the plaintiff he could go pretty much where he pleased until Hall got the mittimus made out, it was a discharge in law." The court refused so to charge, and the plaintiff's counsel excepted. " 3. That unless the magistrate had some means, after the prisoner leaving, to compel his attendance, the prisoner, when he went away, was discharged." The court refused so to charge, and the plaintiff's counsel excepted. " 4. That leaving the prisoner without the control of any person, the magistrate had no power to procure his attendance; and in non-attending, the party would be guilty of no contempt under such circumstances." The court refused so to charge, and the plaintiff's counsel excepted. " 5. That what did occur before the magistrate on the night of the arrest was in law a discharge." The court refused so to charge, and the plaintiff's counsel excepted. The jury rendered a verdict in favor of the defendant, upon which judgment was rendered, which was affirmed at General Term, and the plaintiff appeals to this court.

*Lynes & Bowen,* for the appellant, on the question of discharge, cited Crocker on Sheriffs, 250 ; *Jansen* v. *Hilton* (10 John. R., 549); *Tillman* v. *Lansing* (4 id., 45); *Thompson* v. *Lockwood* (15 id., 256); *Brown* v. *Littlefield* (1 Wend., 398); Graham's Practice, 148. That a seal was necessary, they cited *The People* v. *Holcomb* (3 Park. Cr. R., 656); 1 Chitty's Cr. L., 109; 2 Hall, 122; Barb. Cr. L., 494; 2 Hawk. Pl. Cr., ch. 16, § 13; N. Y. Civ. and Crim. Just., 579; Davis' Just., 106.

*George Brooks,* for the respondent, as to the alleged discharge, cited Barb. Cr. L., 480, 1, 2 ; 1 Chitty's Cr. L., 734 ; 2 Hale, 120 ; 3 Smith, 513 ; 7 East, 533 ; *Gold* v. *Bissell* (1 Wend., 211;) *Arnold* v. *Steeves* (10 Wend., 515); Barb., Cr. L., 36; *Bronson* v. *Noyes* (7 Wend., 188), approved 28 N. Y., 342, and 32 N. Y., 446; Broom's Leg. Max., 193. That a seal was not necessary, he cited *Millett* v. *Baker* (42 Barb., 215); *Bennac* v. *People* (4 Barb., 32); *Dominick* v. *Eacker*

(3 Barb., 17); N. Y. Civ. and. Crim. Just., 648; Benedict's Just., 420; 1 Colby Cr. L., 85.

Ingalls, J. Substantially only two questions are presented for the consideration of this court: 1. Whether the warrant of commitment was void, having been issued without a seal. 2. Whether what occurred between the plaintiff and defendant at the close of the examination, and after the plaintiff was required to enter into a recognizance, and before the issuing of the warrant of commitment, amounted to a voluntary escape, and rendered his subsequent arrest illegal and the defendant liable therefor.

In regard to the first question, we are clearly of opinion that no seal was required to render the warrant valid. This question was very fully examined in *Millett* v. *Baker* (42 Barb., 215). Justice Foster, in that case, has collected the decisions bearing upon the question, and his reasoning and conclusion are entirely satisfactory to my mind. (See, also, *Bennac* v. *The People*, 4 Barb., 31).

In reference to the other question, the jury found as a fact that the justice did not discharge the plaintiff. Independent of such finding, *this being a criminal proceeding*, the defendant was not only fully authorized to issue the commitment, but it was his duty to do so; and although he had permitted the plaintiff to go home, he had an undoubted right to issue the commitment and carry out the judgment which he had pronounced. The public had a right to demand the execution of the law, which the defendant had no authority to compromise, nor could the plaintiff evade it by such a pretext. In *Clark* v. *Cleveland* (6 Hill, 344), Judge Cowen remarks: "The public ought not to be deprived of any right by an escape of whatever kind from custody, *under criminal process*. Though the officer consent to the escape, he is bound to retake the prisoner." (See also *Arnold* v. *Steeves*, 10 Wend. Reps., 515).

The counsel for the appellant insists that the justice had not jurisdiction, because the warrant did not state expressly

where the offence was committed. There are two answers to this proposition : 1. No such objection was raised upon the trial at the Circuit, and should not be entertained here in the first instance. We cannot infer that the omission could not have been supplied, if the objection had been taken at the trial. 2. The warrant was sufficient to confer jurisdiction. It stated the offence, the time when committed, and that Gano (the plaintiff) was a resident of the town of Middlefield, in the county of Otsego. The warrant of commitment states expressly where the offence was committed. The judgment should be affirmed with costs.

LOTT, J., also read an opinion for affirmance. All concur. Judgment affirmed.