PEOPLE *ex rel.* CLAPP, appellant, v. FISK *et al.*

*Mandamus — want of seal to writ.*

A writ of mandamus issued by the court was served without having the seal of the court affixed. *Held,* that such service was a nullity and proceedings for contempt could not be founded thereupon.

APPEAL from an order of the special term of Kings county denying a motion on behalf of the relator, Hawley D. Clapp, to punish Darius R. Mangam, the president, and James Merritt, the secretary of the National Trust Company of the city of New York (one of the defendants), and Thomas L. Rushmore, as for a contempt, in disobeying the mandamus in this case.

*Abel Crook* and *James Emmott,* for appellants. The order was sufficient without the writ, and notice of the order or of the writ was sufficient if no service had been attempted. *Hall* v. *Thomas,* 3 Edw. Ch. 236; *People* v. *Sturtevant,* 5 Seld. 278; *People* v. *Brower,* 4 Paige, 405; *People* v. *Compton,* 1 Duer, 553, and cases cited; *Mc-Neil* v. *Garrat,* 1 Craig & Phillips, 98; 3 R. S. 853, § 21; *Lansing* v. *Eaton,* 7 Paige's Ch. 364; Kerr on Injunctions, 638. Defendants, having made a return, cannot object to irregularity in the service. *Rex* v. *Mayor of York,* 5 T. R. 66; 17 Jurist, 24; 22 Law J. Q. B. 195; *Commercial Bank* v. *Canal Commissioners,* 10 Wend. 25; *People* v. *Batcheller,* 8 Alb. Law Jour. 122. The writ was only voidable, and could be amended *nunc pro tunc.* *Talcott* v. *Rosenberg,* 8 Abb. N. S. 287; *People* v. *Stuben,* 5 Wend. 103; *Austin* v. *Lamar Fire Ins. Co.,* 108 Mass. 338; *Hawes* v. *Kennebeck,* 7 id. 561, 563; *Ripley* v. *Warren,* 2 Pick. 592; *Foot* v. *Knowles,* 4 Metc. 386, 391; *Sawyer* v. *Baker,* 3 Greenl. 29; *Pepoon* v. *Jenkins,* Coleman, 55; *Howe* v. *Willard,* 40 Vt. 655; *Stimpson* v. *Putnam,* 41 id. 238; McNamara on Nullities, 2, 3, 6.

*J. H. V. Arnold,* for respondent Mangam. The writ of mandamus was not perfect without. 2 Tiff. & Smith's Pr. 195; McCall's Forms, 93; 2 Johns. Cas. 217, note; Burrill's Law Dic., titles "Writ" and "Mandamus;" Laws 1847, ch. 280; *Millett* v. *Baker,* 42 Barb. 215; *March* v. *Churchill,* 4 E. D. Smith, 369; *People* v. *Steele,* Edw. Cas. 505.

TALCOTT, J.    The mandamus ordered in behalf of the relator directed the National Trust Company to pay to the relator the sum of $8,750 " out of the funds deposited by the commissioners'" to lay out Mamaroneck avenue, in the county of Westchester.    The relator was one of the claimants upon the fund so deposited to the amount specified.    But it seems that the court, instantaneously with the ordering of the mandamus in behalf of the relator, had ordered two other writs of peremptory mandamus, one in favor of Spencer and Hitchcock and the other in favor of Mary A. Dingee, who were also claimants upon the fund so deposited, ordering the payment of specific amounts in each case out of the moneys so deposited.    The total amount so ordered to be paid by the three writs of mandamus was more than sufficient to exhaust the entire amount of the fund so on deposit with the trust company.    The company first paid the amount of the claim of Mary A. Dingee, by the counsel of the relator in this case.    It then paid the amount ordered to be paid by the mandamus in favor of Spencer and Hitchcock, and the balance of the fund, amounting to $4,560.85, it has paid over to the relator. It appears that the trust company had and claimed no interest in the fund, but as mere depositaries, and it is shown by the affidavit of Mr. Nicholls, who appeared as the counsel for the trust company, on the return of the orders to show cause why a peremptory mandamus should not issue in each of the three cases, which were all returnable at the same time, that he then stated to the court, in behalf of the trust company, that there were not sufficient funds in the hands of the trust company to pay all the three claims. Why the whole amount claimed by each of the claimants was ordered to be paid by the trust company instead of a *pro rata* proportion, does not appear.    Possibly the orders were so entered through inadvertence on the part of the clerk, or of the attorneys.

At all events, the orders were made that a mandamus issue in each case, requiring the trust company to pay to each of the three claimants the full amount of the claim in each case.    At all events, it appears that no more was intended to be required of the trust company than the payment of the amount so on deposit with it, as the orders were that the mandamus should require the payment to be made out of the moneys so on deposit with the trust company. The company not having paid the relator in full, he made this motion, that the president and secretary be punished as for a contempt.

It appears that the mandamus in favor of the relator was attempted to be issued without a seal of the court, and in this form was delivered to James Merritt, the secretary of the trust company, on the evening of the 2d day of September, 1872, on which day all of the orders for the three writs of mandamus were granted, but no demand for payment was then made. The writ in favor of Mary A. Dingee was served the same evening, and the order and writ in favor of Spencer and Hitchcock were served about 9 o'clock the next morning. A peremptory demand having been made in behalf of Spencer and Hitchcock, with the service of the writ in their behalf, and their attorney claiming that the service of a writ without a seal in behalf of the relator was ineffectual, and objecting to the payment of the relator before Spencer and Hitchcock had been paid, the officers of the trust company advised with their counsel, and being advised by him that, under the circumstances, they were bound to pay the amount specified in the writ in favor of Spencer and Hitchcock, no sealed writ of mandamus then having been served under the order directing the mandamus to issue in behalf of the relator, they did so. The insufficiency of the fund for the payment of all the claims in full, and the objection that the writ attempted to be served on behalf of the relator was without a seal, were communicated to the relator, who was present at the office of the trust company, and it was then agreed that the counsel for the trust company should take further time to consider the matter, till 1 or 2 o'clock of the same day, with which arrangement, as stated by the officers of the trust company, all the parties, including the relator, appeared to be satisfied. It further appears that, after further considering the matter and taking additional advice, the counsel of the trust company did, between 1 and 2 o'clock of that day, advise the company that it was bound to pay the amount called for by the Spencer and Hitchcock writ, which it accordingly did, the amount thus paid being $6,500. The affidavits of Merritt and Mangam show that the company stood indifferent between the claimants in the several writs, and acted throughout under the advice of counsel, and with the desire and intention to obey the mandates of the court, in such manner as they were required by law.

No sealed writ of mandamus in behalf of the relator was ever served upon or exhibited to any of the parties now proceeded against, or to any officer of the company, until after the payment in pursu-

ance of the mandate of the writ in behalf of Spencer and Hitch-
cock, and, so far as appears, no such writ was ever sealed till after
such payment.

The motion appealed from was denied upon the ground that the
service of the writ, in behalf of the relator, without a seal, was null.

We are of the opinion that the decision at the special term was
correct.

A seal is necessary to a writ of mandamus. Bouvier's Law Dic.,
" Writ;" Burrell's Law Dic., " Writ;" 1 Crary's Sp. Pro. 68; 2 R.
S. 277, § 8. By the judiciary act of 1847, section 57, it is provided
that no process signed by the attorney, solicitor or party by whom
issued, *except such as shall be issued by special order of the court*, shall
be deemed void or voidable by reason of having no seal, or a wrong
seal thereon. The same distinction between writs issued at the
option of the party and those which required special allowance had
previously existed as to the use of seals, which the clerks of the court
were authorized to issue in blank. These could not be affixed to
writs requiring allowances, but the latter must be specially sealed.
Graham's Prac. 120.

Thus the legislature has seen fit to provide that a writ specially
authorized by the court must be specially sealed, and it seems to fol-
low that such a writ, without any seal, is not sufficiently authenti-
cated, according to law, to be the basis of proceedings for contempt.

And it is held that an officer acting under a process without a
seal, which the law requires to be sealed, is a trespasser. *Millett* v.
*Baker*, 42 Barb. 215, and cases cited.

The proper mode of service of a writ of mandamus, where there
are several defendants, is by showing the original writ under the seal
of the court and delivering a copy. Tapping on Mand. 330 ; 2
Crary's Sp. Pro. 68.

No such service was made in this case. The court of chancery
has, it is true, held, in many instances, that the mere knowledge that
an injunction has been issued by it, forbidding the doing of certain
acts, is sufficient on which to found a proceeding for contempt
against a party having such knowledge, and without a personal ser-
vice of the writ under seal. But so far as we understand, this stretch
of power has not been adopted in the courts of law, and in reference
to writs issued under the common law.

But, aside from these considerations, it seems quite manifest that
no contempt of the court or disobedience of its process was intended.

On the contrary, the officers of the company intended to obey the commands of the court. Those commands could not be literally complied with, and they acted upon careful legal advice in pursuing what they thought their duty, and under such circumstances the merest technical objection is available against a proceeding for contempt.

The return of the defendant, Rushmore, shows a compliance on his part with the mandate of the writ, and it does not appear that the relator has suffered any thing by any delay in the signing of the check by Rushmore.

The order appealed from must be affirmed, with $10 costs.

*Order affirmed.*