## JOHN GALLAGHER, APPELLANT, *v.* FREDERICK F. STODDARD, RESPONDENT.

*Malicious prosecution — what termination thereof justifies an action — presumption — compromise.*

In this action, brought to recover damages for malicious prosecution, it appeared that upon the complaint of the defendant, a warrant was issued by a police justice for the plaintiff's arrest, under which the plaintiff was arrested; that thereafter the plaintiff paid the officer making the arrest nine dollars, and a receipt was given to the plaintiff, by the complainant, for all claims against him, and a similar receipt was given by the officer making the arrest, who also signed thereto the name of the justice who had issued the warrant, and the plaintiff was thereupon released from custody:

*Held,* that the claim of the plaintiff that from the foregoing facts the presumption arose that the proceedings were terminated by a compromise by leave of the court, as provided for by chapter 6 of title 12 of the Code of Civil Procedure, could not be sustained.

*It seems,* that even if such a presumption would arise from the facts stated, that it would not have constituted such a termination of the prosecution as would justify an action for malicious prosecution.

APPEAL from a judgment, entered upon the dismissal of the complaint and from the direction for a nonsuit entered at the Onondaga Circuit, on the ground that it did not appear from the statement of the counsel for the plaintiff that the proceedings, upon which this action for malicious prosecution was predicated, had been terminated in such a manner as to entitle the plaintiff to maintain the action.

*Charles H. Sedgwick*, for the appellant.

*Mead & Stranahan*, for the respondent.

MARTIN, J. :

This action was for malicious prosecution. The plaintiff was nonsuited upon his opening. The ground of the nonsuit was, that the prosecution alleged to be malicious, was not terminated.

The facts relating to such prosecution, as stated, were that the defendant made a criminal complaint to a police justice of Oswego Falls, and procured a warrant for the plaintiff's arrest; that it was delivered to a constable, who went to the city of Syracuse, procured his warrant to be indorsed and arrested the plaintiff thereon; that the plaintiff paid the officer making the arrest nine dollars; that thereupon a receipt was given to the plaintiff for all claims against him by the complainant, the justice and the officer; that this receipt was signed by the defendant and the officer; that the officer also signed the name of the justice thereto, and that the plaintiff was then released from custody.

That a plaintiff must allege and prove that the prosecution claimed to have been malicious is terminated, and terminated in his favor, is too well settled to require discussion or the citation of authorities. Assuming the facts to be as stated by the plaintiff, and the question is whether the prosecution complained of had terminated in his favor, so as to enable him to maintain this action. If correctly understood, the plaintiff's position is, that it is to be presumed that after the plaintiff made such payment and was discharged, the defendant appeared before the magistrate issuing the warrant, acknowledged that he had received satisfaction for his injury; that the magistrate then ordered all proceedings to be stayed on such prosecution and discharged the plaintiff. In other words the plaintiff claims that the presumption is, that the proceeding complained of was

terminated by a compromise by leave of the court, as provided for by §§ 663, 664, chapter 6, title 12, Code of Criminal Procedure.

We do not think the presumption contended for arises from the facts stated. If the prosecution had terminated in the manner claimed, the burden of establishing that fact was upon the plaintiff. We think there was no such termination of the prosecution complained of as would enable the plaintiff to maintain this action. (*Clark* v. *Cleveland*, 6 Hill, 344; *Gano* v. *Hall*, 42 N. Y., 67, 70; *Swartwout* v. *Dickelman*, 12 Hun, 358, 359.) Moreover, if it were to be admitted that the prosecution was terminated by compromise as provided for by the Code of Criminal Procedure, still, we would not think such a compromise would constitute a termination of the prosecution that would justify an action for malicious prosecution.

In *Wilkinson* v. *Howell* (Moody & Malkin, 495), it was held that an action for malicious arrest could not be maintained where the former cause was terminated by a *stet processus* by the consent of the parties. In *McCormick* v. *Sisson* (7 Cow., 715) where the defendant obtained a warrant against the plaintiff for theft, who was brought before a justice, but discharged because the parties had settled, it was held that this was not such an acquittal as would warrant an action for malicious prosecution. In *Sartwell* v. *Parker* (141 Mass., 405), it was held that where one settled a suit against him, by allowing all that was claimed in it, he could not base an action for malicious prosecution on such suit.

We conclude that this action could not be maintained on the facts stated, and that the nonsuit granted should be sustained. It, therefore, follows that the judgment appealed from should be affirmed, with costs.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.