*In re* George A. Troy, *Petitioner*.
No. 13,502.    (72 Pac. 531.)

SYLLABUS BY THE COURT.

Prisoner—*Release and Reincarceration.*    A prisoner lawfully confined in the county jail for the non-payment of a fine who is released by the sheriff without an order of the board of county commissioners, but upon the direction of two of the individual members thereof, may be retaken and reincarcerated without new or additional process or proceedings.

Original proceeding in *habeas corpus*.    Opinion filed May 9, 1903.    Petitioner remanded.

*John D. Milliken*, for petitioner.

*C. C. Coleman*, attorney-general, for respondent.

The opinion of the court was delivered by

Burch, J.: On January 7, 1902, the petitioner was adjudged to be guilty of a violation of the prohibitory liquor law, and sentenced to a term of imprisonment, to pay a fine and costs of prosecution, and to stand committed to the jail of Rice county until the fine and costs were paid.    After the expiration of his term, and while confined for non-payment of the fine and costs, two members of the board of county commissioners, in conversation with the petitioner and his father, B. F. Troy, at the jail, and in the presence of the sheriff, stated that the petitioner could be released if the costs were then paid, and the fine paid later on.    The petitioner stated that if he were released he could pay the fine by the succeeding fall.    Thereupon B. F. Troy said that if his son were released on those conditions he would pay the costs.    This he did forthwith, and the commissioners told the sheriff to release the prisoner.    No order or direction was given the sheriff con-

*In re* Troy.

cerning the commitment, which remained in the latter's hands until the expiration of his term of office, when he delivered it to his successor, the respondent, who is the present sheriff of Rice county.   No action was taken upon the matter by the board of commissioners as a board at any time, and no record of the transaction which occurred April 10, 1902, was anywhere made.   On February 24, 1903, the fine remaining unpaid, the respondent reincarcerated the petitioner under the original commitment, and still detains him in custody.   Is the petitioner unlawfully restrained of his liberty?

The sheriff had no authority to release the petitioner except upon an order of the board of county commissioners lawfully made.   The board could not act except at a meeting regularly held.   The conduct of two members as individuals was wholly nugatory.   (*Aikman v. School District,* 27 Kan. 129; *Comm'rs of Hamilton Co. v. Webb,* 47 id. 104, 27 Pac. 825; *P. & F. R. Rly. Co. v. Comm'rs of Anderson Co.,* 16 id. 302; *Comm'rs of Anderson Co. v. P. & F. R. Rly. Co.,* 20 id. 534.) The petitioner, therefore, was not discharged according to law, and his situation while at large was no better than that of a criminal who had escaped through the connivance of the officers.   He could be retaken at any time under the original process.

In the case of *Butt v. Jones,* which was one of trespass for assault and false imprisonment on account of a retaking after an escape, determined at *nisi prius,* in the court of common pleas, at the Hilary term, 59 George III, Dallas, C. J., said:

"This is an action for an alleged false imprisonment, to which the defendant has pleaded a justification.   It is not a case as between one individual and another.   Where a debtor is committed in execution for a debt, the sheriff is bound to detain him until

the debt be paid, or he be discharged by due course of law : but if before the occurrence of either of those events the sheriff voluntarily suffer the debtor to escape, he in an action for the escape is answerable to the plaintiff in the execution for the amount of the debt, and cannot afterwards retake the actual debtor. But this rule does not apply even to a civil execution where the escape is negligent, and without the permission or privity of the sheriff. The present, however, is not a case of a civil execution, as between individuals. The public are here interested. The plaintiff, being convicted of a crime by a court of competent jurisdiction, is committed to the custody of the defendant, in execution of the judgment which that court passed upon him. Supposing, therefore, that the defendant had personally been at the outer door of the prison, and had voluntarily and knowingly suffered the plaintiff to escape ; yet   think that in point of law it would have been his bounden duty to have retaken him whenever afterwards   an opportunity offered, and to have detained him until the fine was paid.'' (Gow's Rep. 99.)

The case of *Commonwealth, ex rel. Schwamble, v. The Sheriff,* I Grant's Cases (Pa.) 187, was a *habeas corpus* proceeding. The relator had been convicted of keeping a tippling-house and sentenced to pay a fine and the costs of prosecution, and to remain in custody until he complied. After he had been a prisoner for some time he paid the costs, and the commissioners of the county thought proper to order his discharge without payment of the fine, and he was accordingly suffered to go at large by the under-sheriff. When the fact came to the knowledge of the high sheriff, he caused the petitioner to be retaken, under the belief that the discharge was illegal. The court held that the commissioners could make no order for the discharge of one in jail in execution of a criminal sentence without

being guilty of an unauthorized interference with the administration of the criminal law, and said :

"If the county commissioners had no right to discharge him, the right of the sheriff to retake him was very clear.   In civil cases, if a party escapes who is in custody on mesne process, he may be retaken any time before the return-day.   If he is held on final process, the sheriff becomes absolutely liable for the debt and costs by suffering the prisoner to go at large, and he cannot imprison him again.   But a party who is in custody, accused or convicted of a criminal offense, whether he be in jail awaiting his trial or in execution of a sentence after trial, if he escapes, may be recaptured at any time afterwards, and this whether the escape was voluntary or involuntary on the part of the sheriff.   It is well settled that one who has been detained for non-payment of a fine may be retaken by the very officer who consented to his escape."

It was therefore concluded that, although the petitioner went under the order of the board, and with the consent of the sheriff, he was legally retaken, and should remain in custody until released by due course of law.   In *Clark v. Cleveland*, 6 Hill (N. Y.) 344, 349, it was decided :

"The people ought not to be deprived of any right by an escape 'of whatever kind from custody under criminal process.   Though the officer consent to the escape, he is bound to retake the prisoner."

The public had a right to demand the execution of the law which the commissioners and the sheriff had no authority to compromise, and which the petitioner could not evade by such a pretext.   (*Gano v. Hall*, 42 N. Y. 67.)   So in *Simpson v. State*, 56 Ark. 8, 15, 19 S. W. 99, 101, it was said :

"A voluntary release of a convict from imprisonment by a warden or other person having legal custody of him is illegal, and the convict is an escaped felon so

*In re* Troy.

long as he is at liberty. The warden's guilty consent to his escape cannot abrogate the judgment of conviction and legalize his liberty for an hour or any other length of time."

These cases are all sound in principle. Powers of the board of county commissioners, and of the sheriff, are strictly defined by the law. Anything done by them in excess of authority is void. No voluntary enlargement of such powers to be indulged at pleasure can be allowed to prevail against the public interest, or in any manner to bind the state, and the petitioner has no right to profit by acts performed under such unwarranted assumption. The tolerance of any other doctrine would necessarily be prolifically productive of the most disastrous consequences. None of the cases cited by counsel for the petitioner pretends to discuss the principle here involved, or has any bearing whatever upon it. They relate solely to the extent of the power of the court in pronouncing judgment and to the status of the defendant after that power has been exhausted.

The petitioner is therefore remanded to the custody of the sheriff of Rice county.

All the Justices concurring.